IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT DAMON RICHARDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-504-D-BN |
| | § | |
| DAVID SWEET, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Scott Damon Richardson brings this *pro se* civil rights action against Rockwall County Judge David Sweet, Rockwall County, and other, unnamed defendants. *See* Dkt. No. 3. United States District Judge Sidney A. Fitzwater has referred this action to the undersigned United States magistrate judge for initial screening under 28 U.S.C. § 636(b) and a standing order of reference.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that, because the factual allegations in the complaint do not reflect that Richardson has Article III standing to assert the claims he alleges, the Court should dismiss Richardson's complaint without prejudice to his right to file an amended complaint to the extent that Richardson is able to cure the deficiencies noted below.

**Applicable Background**

Richardson alleges that he sent two requests for information to Rockwall County

-1-

officials to obtain, first, "the records of ALL Police Officers that have been placed on the BRADY LIST, aka DO NOT SUPPORT LIST, or any other name that refers to the policy of training and compliance with said policy," and, second, "any and all evidence of a BRADY list training schedule dates, policy requirements for training and certifications, and last known completed date of training by Prosecutors instructing Police on the limitations and potential Constitutional violations of the BRADY POLICY." Dkt. No. 3 at 5. He asserts that the responses he received, stating that no such records were maintained, indicate that law enforcement agencies/officers and/or prosecutors in Rockwall County lack training as to *Brady*. *See id.* at 5-8; *see, e.g., id.* at 5 ("SWEET's seemingly tacit agreements ensured and/or condoned insufficient training by Prosecutors instructing, (or [willful] lack of instructing) Law Enforcement to maintain mandatory compliance training within the BRADY POLICY, moreover, He embraced lawless violence as an engine of plunder, ensuring abuse of Police power, jeopardizing the community standard, likewise created tortuous liability for the County, a hazard to the people He sworn to protect and serve, per His fiduciary duties.").

The undersigned takes notice that, as used in Richardson's complaint, *Brady* refers to *Brady v. Maryland*, 373 U.S. 83 (1963), under which a constitutional violation may accrue if material evidence favorable to a defendant is suppressed by the State.

### Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis,* such as the complaint filed by Richardson, *see* Dkt. No. 6, if the Court at any time

-2-

determines that the action

> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief may be granted; or
> (iii) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(b).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while the Court must accept all of a plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, to survive dismissal under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

The United States "Supreme Court has made clear that" dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson*, 135 S. Ct. at 347; emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale

has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

## Analysis

To satisfy the case-or-controversy requirement of Article III of the United States Constitution, Richardson must establish that he has "suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." *Bennett v. Spear*, 520 U.S. 154, 162 (1997); *accord Dep't of Tex., Veterans of Foreign Wars of U.S. v. Tex. Lottery Comm'n*, 760 F.3d 427, 432 (5th Cir. 2014) (en banc) ("To establish Article III standing, a plaintiff must show 'an injury-in-fact caused by a defendant's challenged conduct that is redressable by a court.'" (quoting *K.P. v. LeBlanc*, 627 F.3d 115, 122 (5th Cir. 2010))). "At a minimum, Article III requires a party invoking federal jurisdiction to show that he has personally suffered some actual injury or is in immediate danger of sustaining some direct injury in fact as a result of the allegedly illegal conduct of the defendant." *Ass'n for Disabled Ams., Inc. v. 7-Eleven, Inc.*, No. 3:01-cv-230-H, 2002 WL 546478, at *2 (N.D. Tex. Apr. 10, 2002).

The allegedly illegal conduct of the named defendants, according to Richardson, is their failure to implement applicable training with regard to *Brady*. This interpretation of the complaint is bolstered by Richardson's citation to *Connick v. Thompson*, 563 U.S. 51 (2011), to support his request for more than $33 million in damages. *See* Dkt. No. 3 at 13-14. In *Connick*,

> [t]he Orleans Parish District Attorney's Office [conceded] that, in prosecuting respondent John Thompson for attempted armed robbery, prosecutors failed to disclose evidence that should have been turned over to the defense under *Brady v. Maryland*, 373 U.S. 83. Thompson was convicted. Because of that conviction Thompson elected not to testify in his own defense in his later trial for murder, and he was again convicted. Thompson spent 18 years in prison, including 14 years on death row. One month before Thompson's scheduled execution, his investigator discovered the undisclosed evidence from his armed robbery trial. The reviewing court determined that the evidence was exculpatory, and both of Thompson's convictions were vacated.
>
> After his release from prison, Thompson sued petitioner Harry Connick, in his official capacity as the Orleans Parish District Attorney, for damages under [Section] 1983. Thompson alleged that Connick had failed to train his prosecutors adequately about their duty to produce exculpatory evidence and that the lack of training had caused the nondisclosure in Thompson's robbery case. The jury awarded Thompson $14 million, and the Court of Appeals for the Fifth Circuit affirmed by an evenly divided en banc court. [The United States Supreme Court] granted certiorari to decide whether a district attorney's office may be held liable under § 1983 for failure to train based on a single *Brady* violation [and held] that it cannot.

563 U.S. at 54.

Here, the only injury that Richardson has alleged is that "[t]here is evidence that [he] was falsely accused of committing a breach of Texas Penal Code, when absent a 4th Amendment warrant, or in the commission of a felony." Dkt. No. 3 at 6. Richardson fails to allege that his rights as protected by *Brady* have been violated. As such, even if the *Brady*-training-policy claim Richardson now alleges is viable, Richardson lacks Article III standing to assert it. *See Davis v. City of New York*, 959 F. Supp. 2d 324, 344 (S.D.N.Y. 2013) ("To establish Article III standing, an injury must be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling. No plaintiff has suffered an actual,

concrete injury from the IO 23 arrest policy that is the focus of plaintiffs' facial challenge.... Because plaintiffs have offered no evidence of any person being arrested under IO 23's arrest policy simply for refusing to answer questions and refusing to leave on request, plaintiffs' injuries are insufficient to confer standing." (internal quotation marks and footnotes omitted)).

This lack of Article III standing requires dismissal of the complaint in its current form, but the undersigned further notes that, in the event that Richardson files an amended complaint against Rockwall County and County Judge Sweet based on the policy (or lack of policy) currently alleged, "[a] governmental entity, such as [Rockwall] County, can be subjected to monetary damages or injunctive relief only if one of its official policies caused a person to be deprived of a federally protected right." *Medford v. Tarrant Cty.*, No. 4:14-cv-03-A, 2014 WL 2610891, at *4 (N.D. Tex. June 10, 2014) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *see Three Legged Monkey, L.P. v. City of El Paso, Tex.*, 652 F. App'x 236, 239 (5th Cir. 2016) ("There is no vicarious municipal liability under § 1983; rather, plaintiffs 'must prove that "action pursuant to official municipal policy" caused their injury.' Establishing municipal liability requires proof of (1) a policymaker who can be charged with actual or constructive knowledge of (2) an official policy or custom that (3) was the moving force behind a constitutional violation." (quoting *Connick*, 563 U.S. at 60 (in turn quoting *Monell*, 436 U.S. at 691); citations omitted)); *see also Anderson v. Marshall Cty., Miss.*, 637 F. App'x 127, 134 (5th Cir. 2016) (per curiam) ("Even within the difficult world of

*Monell* liability, failure-to-train claims are especially difficult to establish. To successfully prove failure to train, Anderson must prove (1) that Marshall County failed to train Officer Anderson; (2) that this training failure directly caused Princess's injuries; and (3) that Marshall County displayed deliberate indifference in adopting those inadequate training polices." (citing *Connick v. Thompson*, 563 U.S. at 61 ("A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."))).

## Recommendation

The Court should dismiss Richardson's complaint without prejudice to his right to file an amended complaint to the extent that he is able to cure the deficiencies noted above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: March 7, 2017

 

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE