IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT DAMON RICHARDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-504-D-BN |
| | § | |
| DAVID SWEET, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

The *pro se* civil rights action is referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. After the Court dismissed this action without prejudice to Plaintiff Scott Damon Richardson's right to file an amended complaint, *see* Dkt. Nos. 7, 9, & 10, Richardson filed both a notice of appeal and an amended complaint, *see* Dkt. Nos. 13 & 17. The United States Court of Appeals for the Fifth Circuit then dismissed his appeal for want of jurisdiction. *See* Dkt. No. 19. To the extent that the Court need address Richardson's amended complaint, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action with prejudice to the claims raised in the amended complaint being asserted again until the *Heck v. Humphrey*, 512 U.S. 477 (1994), conditions are met.

**Applicable Background, Legal Standards, and Analysis**

Richardson initially sued Rockwall County Judge David Sweet (the sole named

defendant in the amended complaint) and others after responses from Rockwall County to Richardson's requests pertaining to the County's training of its officers with regard to *Brady v. Maryland*, 373 U.S. 83 (1963) – under which a constitutional violation may accrue if material evidence favorable to a defendant is suppressed by the State – indicated to Richardson that the County fails to conduct that training.

His first complaint was dismissed without prejudice for lack of Article III standing. *See Richardson v. Sweet*, No. 3:17-cv-504-D-BN, 2017 WL 1476304 (N.D. Tex. Mar. 7, 2017) ("[T]he only injury that Richardson has alleged is that '[t]here is evidence that [he] was falsely accused of committing a breach of Texas Penal Code, when absent a 4th Amendment warrant, or in the commission of a felony.' Dkt. No. 3 at 6. Richardson fails to allege that his rights as protected by *Brady* have been violated. As such, even if the *Brady*-training-policy claim Richardson now alleges is viable, Richardson lacks Article III standing to assert it." (citing *Davis v. City of New York*, 959 F. Supp. 2d 324, 344 (S.D.N.Y. 2013) ("To establish Article III standing, an injury must be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling. No plaintiff has suffered an actual, concrete injury from the IO 23 arrest policy that is the focus of plaintiffs' facial challenge.... Because plaintiffs have offered no evidence of any person being arrested under IO 23's arrest policy simply for refusing to answer questions and refusing to leave on request, plaintiffs' injuries are insufficient to confer standing." (internal quotation marks and footnotes omitted)))), *rec. adopted*, 2017 WL 1476146 (N.D. Tex. Apr. 24, 2017).

The amended, 110-page complaint alleges a litany of defects with an actual criminal proceeding against Richardson in a Rockwall municipal court that began when Richardson "was stopped and issued a citation alleging a violation of the Texas Transportation Code for making a right hand turn without using a blinker, while in a right turn only lane." Dkt. No. 17 at 1-2. Richardson alleges that he was convicted in the municipal court and "appealed [that] decision ... to the Rockwall County court." *Id.* at 5. But he does not allege that his conviction – which he squarely attacks through the amended complaint – has been reversed, expunged, or otherwise declared invalid by a state or federal court.

Claims based on "factual allegations [that] are necessarily inconsistent with the validity of [a] conviction" that has not been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court should be dismissed as frivolous. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)); *see Heck*, 512 U.S. at 486-87; *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)). "The *Heck* court held that a civil tort action, including an action under section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments." *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) (citing *Heck*, 512 U.S. at 486); *see id.* at 654 (in this circuit, "*Heck* stands first for 'the hoary principle that civil tort actions are not appropriate vehicles for challenging

the validity of outstanding criminal judgments'" (quoting *Heck*, 512 U.S. at 486)).

Richardson's various complaints with his being cited for a traffic violation and the resulting criminal proceeding (at the center of his amended complaint) boil down to an assertion that he acted lawfully. And, if the Court accepts Richardson's version of events – as it must when considering the legal sufficiency of the amended complaint – his claims are "necessarily inconsistent with" his conviction "and thus are barred by *Heck*." *Whatley v. Coffin*, 496 F. App'x 414, 417 (5th Cir. 2012) (per curiam) (citing *DeLeon*, 488 F.3d at 656-57); *accord Thomas v. Pohlmann*, 681 F. App'x 401, 407 (5th Cir. 2017) (per curiam); *see Taylor v. Hale*, 396 F. App'x 116, 116-17 (5th Cir. 2010) (per curiam) (affirming dismissal of civil rights complaint filed by a plaintiff who "sued the defendants after receiving a traffic citation for driving without a license," finding that the plaintiff "failed to set forth a legally cognizable claim against the defendants" (citing *Heck*, 512 U.S. at 486-87; citations omitted)); *see also Algoe v. State of Tex.*, No. 3:15-cv-1162-D, 2016 WL 6902154, at *9 (N.D. Tex. Sept. 29, 2016) ("Plaintiff's civil rights claims are all predicated on his traffic citations and the revocation of his driver's license, and he is expressly challenging the validity of his convictions. Though he has attempted to appeal these convictions on several occasions to several different appellate courts, he has failed to show that they have been reversed, expunged, invalidated or called into question. Accordingly, his civil rights claims barred by the *Heck* doctrine." (citation omitted)), *rec. adopted*, 2016 WL 6893682 (N.D. Tex. Nov. 21, 2016).

## Recommendation

The Court should dismiss this action with prejudice to the claims raised in the amended complaint being asserted again until the *Heck v. Humphrey*, 512 U.S. 477 (1994) conditions are met.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 14, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE